STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRENDA J. BRANDON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1319**  (BOR Appeal No. 2045835)
                                    (Claim No. 2010119399)

**CHARLESTON AREA MEDICAL CENTER, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Brenda J. Brandon, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 16, 2011, in which the Board affirmed March 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 12, 2010, decision denying the request to add the diagnosis of brachial neuritis or radiculitis, not otherwise specified, as compensable and the September 9, 2010, decision denying the request for physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Brandon injured her shoulder when she was throwing a bundle of linens into a basket while working for Charleston Area Medical Center. The claim was held compensable for sprain of right shoulder and upper arm. On August 12, 2010, the claims administrator denied Ms. Brandon's request to add the diagnosis of brachial neuritis or radiculitis, not otherwise specified, as an additional compensable diagnosis because Dr. Bailey's independent medical evaluation indicated that Ms. Brandon's right upper extremity neurological symptoms are unrelated to her

1

occupation. On September 10, 2010, the claims administrator denied Ms. Brandon's request to authorize physical therapy three times per week for three weeks because Dr. Bailey's independent medical evaluation indicated that Ms. Brandon had reached maximum medical improvement and the ongoing neurological symptoms were unrelated to the work incident.

The Office of Judges affirmed the claims administrator's decision, and held there was no error in denying the requested additional compensable component and medical benefits. On appeal, Ms. Brandon disagrees and asserts that her injury was caused by work activities and is not a preexisting condition which she has proved through her medical evidence. Charleston Area Medical Center, Inc. maintains that Ms. Brandon failed to demonstrate with reliable and credible evidence that she sustained brachial neuritis or radiculitis, not otherwise specified, as a result of the compensable injury or that the physical therapy is reasonably required treatment for the compensable injury.

The Office of Judges held that the claims administrator properly denied physical therapy because Ms. Brandon's referral for physical therapy was for the diagnosis cervical radiculopathy, which is not a compensable component of this claim. The Office of Judges reasoned that physical therapy was not reasonably required medical treatment because Dr. Armbrust stated that Ms. Brandon did not respond to a trial of physical therapy and Dr. Bailey reported that Ms. Brandon stated the physical therapy provided no relief of her right arm symptoms.

The Office of Judges held that the claims administrator's denial of the addition of brachial neuritis or radiculitis, not otherwise specified, as a compensable component was proper. In Dr. Armbrust's testimony, he testified that he opined Ms. Brandon's arm weakness was related to the radicular nerve pain from her neck based on history; however, the Office of Judges noted that Dr. Armbrust testified on cross-examination that he was not aware that Ms. Brandon had neck complaints since 2005. The Office of Judges found Dr. Bailey's independent medical evaluation to be persuasive. Dr. Bailey noted that Ms. Brandon had complained about neck pain since at least 2005. Dr. Bailey determined that Ms. Brandon's neurologic changes in her upper extremities were longstanding, stating that the amount of muscle atrophy and weakness identified by both Dr. Lukowski and Dr. Armbrust would have required more than the two and half months to develop and had most likely been ongoing for several years. Dr. Bailey found that Ms. Brandon had reached maximum medical improvement, and her simple right shoulder sprain/strain had long since resolved. Dr. Bailey stated that Ms. Brandon's ongoing complaints are a result of her longstanding right upper extremity neurologic/radicular pathology which is unrelated to this claim. The Office of Judges concluded that the request for the additional diagnosis of brachial neuritis or radiculitis, not otherwise specified, as a compensable component and the request for physical therapy should be denied. The Board of Review reached the same reasoned conclusions in its decision of September 16, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum